IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LESA CORLEY | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL REQUESTED |
| DR. TERI LYNNE BAUMGARTNER, M.D., | § | |
| P.L.L.C. AND ATHENS WOMEN'S HEALTH | § | |
| AND ATHENS WOMEN'S HEALTH CENTER | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LESA CORLEY, Plaintiff, complaining of DR. TERI LYNNE BAUMGARTNER, M.D., P.L.L.C. and ATHENS WOMEN'S HEALTH CENTER, Defendants, pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code.

### I.

### NATURE OF THE SUIT

1.01   Plaintiff's claims are brought in accordance with Chapter 74 of the Texas Civil Practice & Remedies Code.

1.02   Plaintiff has given notice to Defendants of their intention to assert a healthcare liability claim arising from a hysterectomy performed on Plaintiff for a HGSIL lesion without adequate evaluation to be sure that Ms. Corley did not have invasive cancer, in accordance with §74.051 of the Texas Civil Practice and Remedies Code; all conditions precedent have been met or satisfied.

1.03   Plaintiff avers that the Damage Limitation provisions contained in Chapter 74 of the Texas Civil Practice & Remedies Code are unconstitutional under the United States Constitution and/or the Constitution of the State of Texas.

## II.

## **PARTIES**

2.01 Plaintiff, Lesa Corley is a resident of Myrtle Beach, Horry County, South Carolina.

2.02 Defendant, Dr. Teri Lynne Baumgartner, M.D., P.L.L.C. may be served at 8286 CR 3715, Athens, Texas 75752.

2.03 Defendant, Athens Women's Health Center, may be served by serving their registered agent, Teri Lynne Baumgartner, M.D., P.L.L.C., 8286 CR 3715, Athens, Texas 75752.

## III.

## **JURISDICTION AND VENUE**

3.01 The court has jurisdiction over the lawsuit because this suit involves diversity jurisdiction pursuant to Section 28 U.S.C. 1332(a). Specifically, there is diversity between the parties because the plaintiff is a citizen of South Carolina, and the defendants are citizens of Texas. Additionally, the amount in controversy exceeds $75,000.00. Plaintiff's cause of action is within the jurisdictional limits of this Court. Tex. R. Civ. P. 47.

3.02 Venue is proper in the Tyler Division of the Eastern District of Texas in that all or a significant portion of Plaintiff's claim and/or cause of action accrued in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a).

3.03 Plaintiff's claims are brought in accordance with Chapter 74 of the Civil Practice & Remedies Code.

3.04 Plaintiff timely provided notice to Defendants of their intention to assert a healthcare liability claim arising from the medical care and treatment in accordance with §74.051 of the Civil Practice & Remedies Code; all conditions precedent have been met or satisfied.

3.05    Plaintiff alleges that the Damage Limitation provision contained in Chapter 74 of the Civil Practice & Remedies Code is unconstitutional under the United States Constitution and/or the Constitution of the State of Texas.

## IV.

## FACTS

4.01    On or about February 8, 2016, Dr. Teri Lynne Baumgartner, M.D., P.L.L.C. performed a hysterectomy on Plaintiff, Lesa Corley for a HGSIL lesion without adequate evaluation to be sure that Plaintiff did not have invasive cancer. Because Dr. Baumgartner did not perform an adequate evaluation or perform a cervical cone biopsy with pathology that confirmed no invasion before she performed the hysterectomy, Dr. Baumgartner's medical treatment fell below the standard of care.  Now Plaintiff's cancer has spread throughout her body and will cause her to undergo expensive and otherwise unnecessary medical treatment and will more likely than not lead to her untimely death.

4.02    Defendant Athen's Women's Health Center is vicariously liable due to the negligence of its employee or agent which caused severe damages to Plaintiff.  This Defendant is additionally directly liable for failing to implement or follow proper policies and procedures to be followed in the situation presented by Ms. Corley.  Such failures are a proximate cause to the severe damages sustained by Plaintiff.

## V.

## CAUSES OF ACTION FOR MEDICAL MALPRACTICE

5.01    Defendant, Dr. Teri Lynne Baumgartner deviated from the standard of care and such negligence is the proximate cause of the severe damages suffered by Plaintiff.  See specific factual allegations contained in paragraph 4.01 and 4.02.

5.02   Defendant Athens Women's Health Center deviated from the standard of care and such negligence is the proximate cause of the severe damages suffered by Plaintiff.  See specific factual allegations contained in paragraph 4.01 and 4.02.

5.03   At all times material, Defendants are liable to Plaintiff for damages resulting from their negligence.  At all times material, Defendants held themselves out to the public, as well-qualified Obstetrician and Gynecologist and competent to provide appropriate care and treatment for patients like Lesa Corley.

5.04   Defendant, Dr. Teri Lynne Baumgartner was negligent in any or all of the following acts and/or omissions which fell below the accepted minimum standards of care for the proper evaluation, diagnosis, care and treatment of Lesa Corley in one or more of the allowing respects:

   (1)   Failing to properly evaluate Ms. Corley;

   (2)   Failing to perform a cervical cone biopsy with pathology that confirmed no invasive cancer;

   (3)   Failing to render care in conformity with standard of care; and

   (4)   Discharging Ms. Corley without proper treatment and with improper treatment.

## VI.

## DAMAGES FOR PLAINTIFF

6.01   As a direct and proximate result of the negligent acts and omissions of the Defendants, Lesa Corley has suffered and/or incurred the following past and future damages:

   1.   Reasonable medical care and expenses in the past.  These expenses were incurred by plaintiff for the necessary care and treatment of the injuries

        resulting from the incident complained of herein and such charges are reasonable and necessary;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain in the past;

4. Physical pain in the future;

5. Mental anguish in the past;

6. Mental anguish in the future;

7. Physical impairment in the past;

8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9. Disfigurement in the past; and

10. Disfigurement in the future.

## VII.

## **DEMAND FOR JURY**

7.01   Plaintiff requests a jury trial and has tendered the appropriate fee.

## VIII.

## **PRAYER**

8.01   Plaintiff asks that this Court enter:

    a. A judgment in favor of Plaintiff;

    b. An award of damages as explained in paragraph VII. above;

    c. Costs, pre and post-judgment interests, and other special damages in accordance with the relief Plaintiff is entitled; and

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,



The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
rmartin@martinwalkerlaw.com


BY:  /s/ Reid Wm. Martin
     REID WM. MARTIN
     Bar No. 13098986

ATTORNEY FOR PLAINTIFF,
LESA CORLEY